IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**WELLS FARGO BANK,**

      Plaintiff,

v.                                                  Case 2:12-cv-02815-JTF-cgc

**KARLTON S. FIELDS**
**and MINISTER I-ARIEL**
**DANIEL: IBN YAWEH 273**
**FAMILY OF YAHWEH,**

      Defendants.

**ORDER CORRECTING THE DOCKET**

**REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING PURSUANT TO 28 U.S.C. § 1915 AND ON CERTIFICATION OF APPEALABILITY PURSUANT TO RULE 24 OF THE FEDERAL RULES OF APPELLATE PROCEDURE**

On September 19, 2012, Minister I-Ariel Daniel: ibn Yahweh, a/k/a Karlton S. Fields (collectively "Defendant") initiated the instant case by filing a document entitled "Legal Notice of Removal and Counterclaim" ("Notice of Removal") (Docket Entry "D.E." #1).[1] The style of the case lists Wells Fargo Bank as Plaintiff, "Karlton Fields, a/k/a Karlton S. Fields" as Defendant, and

---

[1] Along with his Notice of Removal, Defendant has filed several unorthodox exhibits, including as follows: (1) an Order Changing Name from the Probate Court of Tennessee for the Thirtieth Judicial District at Memphis stating that Karlton Shawn Fields has changed his name to "I-Ariel Daniel ibn Yahweh"; (2) a document entitled "Commercial Affidavit of Violations & Public/ Political Corruption"; and, (3) a document entitled "Revised Full Reconveyance."

"Minister I-Ariel Daniel: ibn Yahweh 273: Family of Yahweh" as a Third Party Intervener.[2]  The Notice of Removal contains the notation "General Sessions Case Removed CASE NO.: 1575510." Minister I-Ariel Daniel: ibn Yahweh also filed a pro se Motion for Leave to Proceed In Forma Pauperis in this Court, which was granted on September 21, 2012. (D.E. #3).

The Notice of Removal does not contain as an exhibit any complaint filed in state court which Defendant seeks to remove to this Court.  Upon further investigation, the Court has determined that a case matching Defendant's case number and style was filed on August 23, 2012 in state court.  A judgment was entered in the state court case on October 8, 2012, and this Court may take judicial notice of matters of public record as well as other court proceedings.  *See Autozone, Inc. v. Glidden Co.*, 737 F. Supp. 2d 936, 942 (W.D. Tenn. Sept. 10, 2010) (citing *Doe v. SexSearch.com*, 551 F.3d 412, 416 (6th Cir. 2008); *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d

---

[2]  Based upon Defendant's exhibit of the Order Changing Name of the Probate Court of Tennessee for the Thirtieth Judicial District at Memphis, Karlton Fields has changed his name to Minister I-Ariel Daniel: ibn Yahweh. (Notice of Removal, Exh.  Thus, as it appears that these parties are the same person, and the Clerk is directed to correct the docket to reflect that Karlton S. Fields is an alias of Minister I-Ariel Daniel: ibn Yahweh.

It further appears that this Defendant has already been admonished by the District Court for proceeding under multiple aliases in other cases, as well as for attempting to represent other parties. *See Karlton Fields-Bey, Executor v. Jeremy Lipford*, No. 11-2686-STA-dkv, at 3 (W.D. Tenn. March 26, 2012) (Order Correcting the Docket, Order Remanding Case to Shelby County Chancery Court, and Order Imposing Restrictions on the Filing Privileges of Karlton Fields-Bey and Frederick Jones-Bey).  The District Court further instructed that if Karlton S. Fields filed "any further documents in any action in this district on behalf of any person other than [himself] or on behalf of any artificial entity, [he] may be held in contempt and may be subject to monetary sanctions." (*Id*. at 11).  Although Defendant has referred to himself with two aliases in a confusing manner, and does include as part of the third-party intervener the unknown designation "Yahweh 273: Family of Yahweh," it does not appear from the Notice of Removal that he is attempting to represent any person or artificial entity other than himself.  Thus, the Magistrate Judge will not recommend that he be held in contempt or subject to monetary sanctions based upon this filing.

812, 816 (6th Cir. 2010).

A pleading or purported pleading filed by a party proceeding in forma pauperis must be screened pursuant to 28 U.S.C. Section 1915 ("Section 1915"). The Section 1915 screening has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #5). Pursuant to Section 1915, in proceedings in forma pauperis, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Such a statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no

obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

In the instant case, Defendant has filed a purported "Notice of Removal" and exhibits therewith that do not constitute a proper pleading. *See* Fed. R. Civ. P. 7(a) (listing the only pleadings allowed in federal court). The "Notice of Removal" fails to comply with 28 U.S.C. § 1446(a), which requires "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Further, the General Sessions court docket does not indicate that there was compliance with 28 U.S.C. § 1446(d), which requires as follows: "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

Additionally, the "Notice of Removal" does not contain sufficient information to discern the jurisdictional basis for removal, and the "party removing an action to federal court has the burden of showing the federal jurisdictional requirements are satisfied." *US Bank Nat'l Ass'n , v. Charles Kuehn*, No. 3:11-CV-39, 2012 WL 1023362, at *3 (E.D. Tenn. Mar. 26, 2012). Finally, under 28 U.S.C. § 1441(b)(2), a defendant cannot be a citizen of the state where the action was brought and remove a case on the basis of diversity. *Bank of America, N.A. v. Demetrious Y. Smith*, No. 1:13cv598, 2013 WL 5521787, at *2 (S.D. Ohio Oct. 3, 2013). Accordingly, for the foregoing reasons, it is recommended that Defendant's "Notice of Removal" fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

### III. Certification of Appealability

Upon the recommendation that Defendant's case be dismissed pursuant to Section 1915, the Court must further consider whether it should be recommended that Defendant be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies the pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for the district court does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead to the recommendation that the District Court dismiss the complaint in this case for failure to state a claim upon which relief may be granted also compel the recommendation that an appeal would not be taken in good faith. Accordingly, it is recommended that the District Court certify pursuant to Rule 24(a) of the Federal Rules of Civil Procedure that any appeal in this matter by Defendant is not taken in good faith and that leave to proceed in forma pauperis on appeal be DENIED. It is further recommended that, if Defendant files a notice of

appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**DATED** this 28th day of October, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**